IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN ROSARIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-01002-SMY |
| | ) |
| CANTINA FOOD SERVICES, | ) |
| SUZANN BAILEY, | ) |
| MARCUS HARDY, | ) |
| VIPEN SHAH, | ) |
| WARDEN LASHBROOK, and | ) |
| GLADYS WILSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Juan Rosario is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois. (Doc. 1 at 1, 7.) Proceeding *pro se*, Rosario has filed a civil rights action under 42 U.S.C. § 1983 against several staff at Pinckneyville and the food company that provides soy food for Pinckneyville inmates. (*Id.*) Rosario alleges that the defendants served him a soy diet, failed to address health issues that he experienced based on the soy diet, and did not serve him breakfast meals, all in violation of his constitutional rights. (*Id.* at 7-10.) Rosario seeks monetary damages and what appears to be a temporary restraining order. (*Id.* at 11.)

This matter is now before the Court for a review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity."  During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any

portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune."

## Background

Rosario's incarceration at Pinckneyville seems to have started on April 30, 2015. (Doc. 1 at 6.) From that date onward, he has been fed a soy-based diet, which has caused him "extreme gas, severe constipation, fatigue, severe stomach pains," and lethargy. (*Id.*) He spoke with Dr. Shah about his constipation issues at some unspecified point, but Shah "refused to help" and told him to "drink more water." (*Id.*) Rosario then filed grievances with all of the prison defendants asking to be put on a soy-free diet, but all of his requests were purportedly ignored. (*Id.*)

Rosario also claims that, since his arrival at Pinckneyville, he was told by unspecified staff that he would only receive two meals per day – a brunch at 10:00 A.M. and a dinner at 4:00 P.M. (*Id.* at 7.) This meal policy applies to all inmates at Pinckneyville other than those housed in the prison's Health Care Unit. (*Id.*) Due to this policy, Rosario alleges that he receives only 1600 calories per day, and suffers from "severe hunger pains" and other problems. (*Id.*) Based on the prison's soy diet and its lack of a dedicated breakfast, Rosario filed a civil rights complaint in this Court on September 11, 2015. (*Id.* at 1.)

## Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to organize the claims in Rosario's *pro se* complaint into counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**   Shah, Bailey, Cantina Food Services, Lashbrook, Hardy, and Wilson violated Rosario's Eighth Amendment rights by serving him soy meals.

**COUNT 2:**   Shah was deliberately indifferent to Rosario's Eighth Amendment rights by refusing to issue him a medical permit for a soy-free diet.

**COUNT 3:**   Bailey, Hardy, Wilson, Lashbrook, and Cantina Food Services violated the Eighth Amendment by instituting a two-meal-per-day policy.

**COUNT 4:**   Various defendants conspired against Rosario by serving soy food at the prison and by instituting a two-meal-per-day policy.

Rosario's complaint focuses primarily on the soy-based diet at Pinckneyville, so the Court will start there (**Count 1**). The Constitution mandates that prison officials provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Construing Rosario's complaint broadly, he alleges that Pinckneyville had a policy of serving soy-based food to prisoners, that this food has caused a number of side effects, and that high-level officials were aware of these side effects from a previous suit yet continued to serve soy food anyway. These allegations are sufficient to state arguable claims concerning the service of nutritionally inadequate or dangerous food against Bailey, Lashbrook, Hardy, and Wilson. This is true especially in light of the fact that the food service aspect of the claim concerns systematic conditions at Pinckneyville and the prison-related defendants appear to be senior level staff within the Illinois Department of Corrections. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (personal involvement can be assumed at early stage for high-level officials if the conditions alleged are "potentially systematic"). Accordingly, **Count 1** may proceed as to Bailey, Lashbrook, Hardy, and Wilson.

While Count 1 may proceed as to these defendants, it must be dismissed as to Cantina Food Services and Dr. Shah. Cantina is a corporate entity and is therefore treated as a

municipality for purposes of § 1983 liability. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Rosario has not alleged any concrete policy or custom on the part of Cantina concerning soy food service at the prison, nor has he alleged that the soy food he was served at Pinckneyville was served due to a policy directive by Cantina. As to Dr. Shah, Rosario has not alleged that Shah had any involvement in general food service at Pinckneyville, and he is not the type of prison official where his involvement in food service can be presumed at the outset of a suit. Accordingly, **Count 1** must be dismissed without prejudice as to Cantina and Dr. Shah.

Rosario next claims that he told Dr. Shah of his symptoms linked to the soy diet and that Dr. Shah failed to provide him with a soy-free diet or other treatment (**Count 2**). To state a medical claim under the Eighth Amendment, a plaintiff must first show that his condition "was objectively serious," and he must then show that officials acted with the requisite intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). For screening purposes, Rosario's claim passes the objective hurdle – he alleges that he suffered severe chronic constipation, a torn anus, and other symptoms linked to the food at the prison, and those symptoms can indicate an arguably serious condition at screening. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372 n.7 & 1373 (7th Cir. 1997). Rosario's claim also passes the subjective hurdle – allegations of a failure to treat can constitute indifference, depending on the circumstances. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010). As such, **Count 2** may proceed through screening as to Dr. Shah.

While Count 2 may proceed as to Dr. Shah, it must be dismissed without prejudice as to the other parties. All Rosario alleges about the other defendants related to this claim is that he sent complaints or grievances to them requesting a soy-free diet. While a prisoner can sometimes state a claim against an official when a communication advises the official of a danger and he fails to act, Rosario provides no information about the correspondence he sent the other defendants – he says nothing about the date of his letters or their content. Without more information about what was said in Rosario's grievances, along with some indication that the grievances advised the defendants of Rosario's ongoing medical issues, Rosario has not provided the minimal "factual content" necessary to state a medical claim against the other parties under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, **Count 2** must be dismissed without prejudice as to Bailey, Lashbrook, Hardy, Wilson, and Cantina Food Services.

Rosario next alleges that prison officials violated his constitutional rights by serving only two meals per day (**Count 3**). Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). While a prisoner is not entitled to the food of his choice, he might state a claim if he alleges facts tending to show that officials provided food that is "nutritionally deficient" or "well below nutritional value," depending on the circumstances. *Smith v. Dart*, — F.3d —, 2015 WL 5656844, at *5 (7th Cir. Sept. 25, 2015). Construing Rosario's complaint broadly, he alleges that Bailey, Hardy, Wilson, and Lashbrook instituted a policy whereby inmates at Pinckneyville were not given breakfast, that this policy caused Rosario to be fed only 1,600 calories per day, and that this policy has caused Rosario to suffer "hunger pains" and other symptoms related to a lack of nutrition. That is enough to state a claim concerning deficient meals at the preliminary screening stage, and therefore, **Count 3** may

proceed as to Bailey, Hardy, Wilson, and Lashbrook.  That said, **Count 3** must be dismissed as to Cantina Food Services, as Rosario has not alleged that Cantina had a concrete policy that led prison officials at Pinckneyville to adjust the prison meal plan or remove breakfasts from the menu.  *See Gable*, 296 F.3d at 537 (to bring a claim against a municipal entity defendant, a plaintiff must allege that the entity had a policy that caused the underlying deprivation).

While it is not clear from the complaint, Rosario also seems to bring standalone conspiracy allegations concerning the soy-based diet at the prison and the policy to not serve breakfasts (**Count 4**).  To the extent this claim is raised against the defendants who already have claims against them in Count 1 and Count 3, the conspiracy claim is duplicative, and **Count 4** must be dismissed without prejudice against them.  *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) (noting that the "function of conspiracy doctrine" in § 1983 cases "is merely to yoke particular individuals to the specific torts alleged in the complaint").  To the extent Count 4 is an effort to draw Cantina Food Services and Dr. Shah into Count 1 and Cantina into Count 3, this is problematic under Federal Rule of Civil Procedure 8, which requires litigants to provide a minimum level of "factual content" to state a claim "that is plausible on its face."  *Ashcroft*, 556 U.S. at 678.  Especially for allegations of a "vast, encompassing" conspiracy – like the one Rosario seems to be alleging here – a plaintiff "must meet a high standard of plausibility" to state a claim under Rule 8.  *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).  In this case, all Rosario puts forth is a conclusory allegation that Shah and Cantina conspired with other defendants – he does not allege that Shah and Cantina had an agreement with the other parties or anything else about the purported conspiracy.  Without more developed allegations as to Cantina and Shah's involvement in the conspiracy, Rosario has not made out a viable conspiracy claim, and **Count 4** must be dismissed against Shah and Cantina without prejudice.

Over and above his Eighth Amendment claims, Rosario also invokes the Fourteenth Amendment in his complaint. However, Rosario fails to articulate any distinct Fourteenth Amendment issue, and the Court cannot discern one from the narrative of his complaint. Any Fourteenth Amendment claim would appear to be redundant, as it is necessarily based on the same facts underlying the Eighth Amendment claims that were already recognized above. *See*, *e.g.*, *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as religious claim because religious claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 F. App'x 549, 552–53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and religion claims). As such, the Fourteenth Amendment claims should be considered dismissed without prejudice.

One closing note is in order concerning the relief requested in Rosario's complaint. At the end of his pleading, Rosario asks for an "immediate" transfer from Pinckneyville to Dixon Correctional Center. The Court construes this statement as a request for a temporary restraining order. Under Federal Rule of Civil Procedure 65(b), a temporary restraining order is proper only when a plaintiff puts forth "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." This type of relief is typically warranted in the prison context "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Here, Rosario's motion for a temporary restraining order must be denied, as he has not established that irreparable injury will occur before the adverse party can respond to his allegations, nor has he demonstrated why a transfer to Dixon would improve his diet-related problems. The Court does not interpret Rosario's request for "immediate" action as a motion for

a preliminary injunction. If he wishes to seek that kind of preliminary relief, he should file a motion that abides by the requirements of Federal Rule of Civil Procedure 65(a).

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against **BAILEY**, **LASHBROOK**, **HARDY**, and **WILSON**. **COUNT 1** is **DISMISSED without prejudice** as to all other defendants.

**IT IS FURTHER ORDERED** that **COUNT 2** may **PROCEED** as to **SHAH**. **COUNT 2** is **DISMISSED without prejudice** as to all other defendants.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **BAILEY**, **LASHBROOK**, **HARDY**, and **WILSON**. **COUNT 3** is **DISMISSED without prejudice** as to all other defendants.

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED without prejudice**. Because there are no further claims against it, **CANTINA FOOD SERVICES** is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, as construed from a request in his complaint (Doc. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process (Doc. 3) is **GRANTED in part**. Service shall be ordered as indicated below.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **BAILEY**, **LASHBROOK**, **HARDY**, **WILSON,** and **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion for Recruitment of Counsel (Doc. 2) is **REFERRED** to Magistrate Judge Philip M. Frazier for consideration.

Further, this entire matter is **REFERRED** to Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 5, 2015**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**United States District Judge**
